So Ordered.

Dated: July 31, 2026



Rachel Blise

Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Lekeshia Kimble,

Debtor.

Case No. 25-25616-rmb

Chapter 13

---

### DECISION AND ORDER DENYING HILLTOP MANAGEMENT SERVICES LLC'S MOTION TO ALLOW ADMINISTRATIVE EXPENSES

Chapter 13 debtor Lekeshia Kimble did not make rent payments due to Hilltop Management Services LLC ("Hilltop") while she occupied an apartment owned by Hilltop as her residence after the petition date. Hilltop requested that the unpaid post-petition rent be allowed as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A). Because the unpaid rent is not an actual or necessary cost or expense of preserving the chapter 13 estate, the Court denies Hilltop's motion.

### Background

Kimble filed a chapter 13 bankruptcy petition on October 3, 2025. Kimble's initial chapter 13 plan, filed October 21, 2025, indicated her intent to assume a residential lease with Hilltop. (Dkt. No. 22 at 6.) Hilltop filed a proof of claim for

unpaid pre-petition rent, which would need to be paid for Kimble to assume the lease.  *See* 11 U.S.C. § 365(b)(1).

Kimble's lease with Hilltop requires monthly payments of $1,600.  Kimble made a payment of $800 to Hilltop on December 28, 2025 but otherwise failed to pay any post-petition rent.  The Court granted Hilltop's motion for relief from the automatic stay on January 6, 2026.  (Dkt. No. 50.)  Hilltop filed an eviction action against Kimble in state court, and Kimble vacated the apartment on February 13, 2026.

On May 13, 2026, Hilltop filed an application requesting approval of an administrative expense under 11 U.S.C. § 503(b) in the amount of $6,338.02 for unpaid rent between the October 3, 2025 petition date and February 13, 2026 when Kimble vacated the apartment.  (Dkt. No. 78.)  Hilltop argues that it is owed $1,600 per month for Kimble's post-petition occupancy of the apartment, with prorations for the partial-month occupancy in October 2025 and February 2026, along with an $800 credit for Kimble's payment on December 28, 2025.  Kimble objected (Dkt. No. 86), and the Court set a briefing schedule and took the matter under advisement.

### Discussion

Hilltop seeks allowance of an administrative expense for Kimble's unpaid post-petition rent pursuant to 11 U.S.C. § 503(b)(1)(A), which allows a bankruptcy court to allow administrative expenses for "the actual, necessary costs and expenses of preserving the estate."  Administrative expenses allowed under § 503(b) are entitled to priority treatment and must be paid in full in a chapter 13 plan.  11 U.S.C. §§ 507(a)(2), 1332(a)(2).

A post-petition expense will be allowed as an administrative expense under § 503(b)(1)(A) if the debt (1) arises from a transaction with the estate, and (2) is beneficial to the estate in the operation of the business. *In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984).[1] "Despite the potentially broad reach of § 503(b), administrative priority claims are to be strictly construed because the presumption in bankruptcy cases is that the debtor has limited resources that will be equally distributed to creditors." *In re SpecialtyChem Prods. Corp.,* 372 B.R. 434, 440 (E.D. Wis. 2007) (internal quotation marks omitted). "The moving party bears the burden of showing, by a preponderance of the evidence, its claim is entitled to administrative expense priority." *In re Michalek*, 393 B.R. 642, 644-45 (Bankr. E.D. Wis. 2008).

It is unclear whether Hilltop can satisfy the first element, which requires a transaction with the estate, rather than the debtor. *See In re TRP Brands LLC*, 676 B.R. 791, 802 (Bankr. N.D. Ill. 2026) ("*Jartran* tells us that to promote the policy of providing administrative expense status to certain claims, there must be a showing that the *debtor-in-possession* induced the creditor to perform *rather than the prepetition debtor*.") (emphasis in original); *see also In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir. 1987) ("If the inducement came from a pre-petition debtor, then consideration was given to that entity rather than to the debtor-in-possession.

---

[1] *Jartran* phrased the requirements in terms of the debtor-in-possession, rather than the estate. *See* 732 F.3d at 587. In a chapter 11 case, the debtor-in-possession typically acts on behalf of the estate. 11 U.S.C. § 1107.

However, if the inducement came from the debtor-in-possession, then the claims of the creditor are given priority.").

Here, the lease is a month-to-month lease between Hilltop and the debtor signed in July 2024. Neither the estate nor the debtor assumed the contract; while Kimble's original plan contemplated assumption, her amended plan contemplates rejection. Kimble remained in possession of property of the estate, including any leasehold interest in the property she may have had, and she had authority to enter into certain transactions. *See* 11 U.S.C. §§ 1303, 1306(b). Hilltop seems to argue that Kimble induced it to allow her to remain in the apartment after the petition date notwithstanding her failure to pay post-petition rent, because Kimble made various promises to pay rent. (Dkt. No. 93 at 6.) But it is unclear that her assertion that she would pay post-petition rent was sufficient to be a transaction with the estate. The Court need not resolve this issue, however, because Hilltop has not satisfied the second requirement for allowance of an administrative expense.

In addition to proving that it entered into a transaction with the estate, Hilltop must prove that the post-petition rent was an "actual, necessary" cost of preserving the estate. "The allowance of an administrative expense to a landlord of residential property seeking to collect rental arrears from a debtor appears to be rare." *In re Perry*, 369 B.R. 402, 403 (Bankr. E.D. Wis. 2007). The Court has found only one case in which a bankruptcy court allowed an administrative expense for post-petition rent in a chapter 13 case based on a pre-petition lease. *See In re Mandel*, 319 B.R. 743 (Bankr. S.D. Fla. 2005). In *Mandel*, the debtor was self-

4

employed and operated a "frame sales" business from his apartment. *Id.* at 745. The court allowed an administrative expense for post-petition rent after concluding that the debtor's post-petition occupation of the apartment "conferred an actual, concrete benefit upon the estate" because it allowed the debtor to continue earning income. *Id.*

The few other courts that have addressed the issue have concluded that the debtor's post-petition occupation of a residence was not an actual, necessary cost of preserving the estate. *See Perry*, 369 B.R. at 403 ("As we have no allegation or evidence that the debtor was using the property for income producing purposes, *Mandel* does not apply."); *In re Freeman*, 297 B.R. 41, 45 (Bankr. E.D. Va. 2002) (the creditor did not show "that debtor's estate received an actual benefit by debtor continuing to reside on the subject rental property"); *In re Scott*, 209 B.R. 777, 783 (Bankr. S.D. Ga. 1997) ("[I]t is difficult to envision a situation where such a rental expense would qualify as an actual and necessary cost of preserving the bankruptcy estate as required by Section 503(b)(1)(A)."). *See also In re Modisette*, No. 17-6409-RLM-13, 2018 WL 3078144, *2 (Bankr. S.D. Ind. June 20, 2018) ("It's difficult to construct a scenario where purely residential property can be so classified [as an actual and necessary cost of preserving the estate]. Residential property is rarely so unique or possesses such characteristics as to be required for the preservation of the bankruptcy estate. . . . Further, the Debtor has moved from this residence to another without jeopardizing the property of the estate.").

The Court agrees with what seems to be the majority that a debtor's post-petition rent ordinarily is not an actual or necessary cost of preserving the estate. In chapter 13 cases, preservation of the estate may include preservation of the debtor's ability to earn wage income, because only individuals with regular income may be chapter 13 debtors and post-petition income is part of the bankruptcy estate.  *See* 11 U.S.C. §§ 109(e), 1306(a)(2).  A debtor generally must have a place to live so that she can hold the job that allows her to earn wage income, but the same could be said of any number of aspects of modern life that are necessary to or incredibly helpful in holding a job, such as electricity, running water, cell phone service, internet service, medical services, and the list goes on.

The Bankruptcy Code expressly allows creditors to file claims seeking payment of post-petition claims for consumer debts that are "for property or services necessary for the debtor's performance under the plan."  11 U.S.C. § 1305(a)(2). This would seem to include the sort of expenses mentioned above, like housing, electricity, and the like.  The "actual, necessary costs and expenses of preserving the estate" described in § 503(b)(1) must necessarily be of a different scope than the post-petition costs necessary for a debtor to perform under the plan described in § 1305(a)(2), otherwise § 1305 would be superfluous and all such post-petition expenses could be allowed as administrative expenses.  *See City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 159 (2021) ("The canon against surplusage is strongest when an interpretation would render superfluous another part of the same

6

statutory scheme.") (citation omitted).[2]  There is likely some overlap between the two categories, but not as much as Hilltop advocates.

Hilltop argues that the unpaid rent qualifies as actual and necessary cost of preserving the estate because "maintaining stable housing may be integral to the debtor's ability to earn income, maintain employment or household stability, and perform a plan."  Dkt. No. 93 at 6.  It is rare that stable housing would not be integral to a debtor's ability to earn income and perform under a plan, at least where the debtor's income is wages as it is in this case.  Hilltop's argument would transform nearly all post-petition residential rental payments into administrative expenses and blur the distinction between post-petition claims under § 1305(a)(2) and administrative expenses under § 503(b)(1).

Nothing in the record indicates that Kimble was using the apartment at issue to produce income that would be property of the estate, nor is there any suggestion that the apartment was otherwise necessary to preserve property of the estate that was not Kimble's wage income.  Therefore, the Court will deny Hilltop's motion to allow the unpaid post-petition rent as an administrative expense.

Hilltop may not be without options to collect the post-petition rent.  In certain circumstances, post-petition rent may be a post-petition debt not subject to discharge.  *See Perry*, 369 B.R. at 404 (noting that the landlord's damages may be a

---

[2] For this reason, the Court disagrees with the statement in *In re Michalek*, 393 B.R. 642 (Bankr. E.D. Wis. 2008), that "[a]lmost anything that helps a chapter 13 debtor perform under a plan that makes payments to creditors is a benefit that gives rise to administrative claim status." *Id.* at 646. If anything that helps a debtor perform under a plan is an administrative expense, then the provisions related to post-petition claims in § 1305 would be unnecessary and entirely superfluous.

post-petition claim); *Scott*, 209 B.R. at 784 (holding that certain of the post-petition rents at issue were post-petition debts under Georgia law). The parties have not asked the Court to determine whether the rents at issue are rejection damages and therefore pre-petition debts pursuant to 11 U.S.C. § 365 or whether they are post-petition debts, so that issue will be left for another day.

For the foregoing reasons, IT IS HEREBY ORDERED that Hilltop Management LLC's motion for allowance of administrative expense (Dkt. No. 78) is DENIED.

# # # # #